# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLE MARIE MEDEIROS,<br><br>Petitioner,<br><br>v.<br><br>RON RACKLEY,<br><br>Respondent. | Case No. 1:16-cv-01644-SAB-HC<br><br>ORDER REGARDING PETITIONER'S MOTION TO PROVIDE RESPONDENT COPIES OF THE PROOF OF SERVICES AND SWORN DECLARATION AND OTHER DOCUMENTS NOT PROVIDED TO RESPONDENT<br><br>(ECF No. 23) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 17, 2017, Petitioner filed a document "Motion to Provide Respondent Copies of the Proof of Services and Sworn Declarations and Other Documents Not Provided to Respondent; Opposition to Respondent's Request for Additional Sixty Days to Answer Petitioner's Writ of Habeas Corpus." (ECF No. 23). Petitioner attaches some documents, including witness declarations and proofs of service, to the motion in addition to advising Respondent where to locate other proofs of service. (ECF No. 23 at 1).[1] It is unclear what relief Petitioner is requesting from the Court with respect to providing Respondent with documents. In the motion, Petitioner concludes by requesting the Court to deny Respondent's requests for enlargement of time, grant the writ, order an evidentiary hearing, appoint an attorney to represent Petitioner, and any other relief the Court deems necessary. (ECF No. 1 at 4).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of her claims and the legal issues involved and that she is able to articulate those claims adequately. Further, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: **April 20, 2017**

_____
UNITED STATES MAGISTRATE JUDGE